UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

A.L., by his next friend, TARA LLOYD,
and R.N., by his next friend, KIMBERLYN NEWHOUSE,

        Plaintiffs,

v.

        Case No. 20-cv-276-pp

BETH KAMINSKI,

        Defendant.

**ORDER GRANTING MOTION FOR RECONSIDERATION (DKT. NO. 8)**

        The plaintiffs filed their complaint on February 20, 2020. Dkt. No. 1. On February 27, 2020, they filed a motion seeking to add as a plaintiff K.S., by her next friend Nichol Sobotnik. Dkt. No. 6. The court entered a text-only order the next day, denying the motion as "unnecessary" because "Federal Rule of Civil Procedure 15(a)(1) allows amendment of a complaint as a matter of course." Dkt. No. 7. The plaintiffs have asked the court to reconsider that order, indicating that under Seventh Circuit law, they need a court order to add a party. Dkt. No. 8.

        Fed. R. Civ. P. 54(b) allows a court to revise at any time prior to entry of judgment an order that adjudicates fewer than all the claims in the case. The court's quick text-only order didn't adjudicate any of the claims in the case, and the court has the authority to revise it.

        The plaintiffs point out, however, that in the Seventh Circuit, when a party seeks leave to amend *for the purpose of adding a party*, the party must seek leave of court under Fed. R. Civ. P. 21, which states that "[o]n motion or

1

on its own, the court may, at any time, on just terms, add or drop a party." The plaintiffs are absolutely correct that the Seventh Circuit has interpreted this rule to require a court order for leave to amend to add a party—even if the party seeking the amendment amends within twenty-one days of filing the pleading it seeks to amend. See, *e.g.*, Moore v. State of Ind., 999 F.2d 1125, 1128 (7th Cir. 1993) ("Although Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, here, the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants"); Williams v. U.S. Postal Service, 873 F.2d 1069, 1072 n.2 (7th Cir. 1989) ("a plaintiff cannot add new defendants through a complaint amended as a matter of course"); La Batt v. Twomey, 513 F.2d 641, 651 n.9 (7th Cir. 1975) ("the amended complaint could not, as a matter of course, add new parties . . . .").

The court **GRANTS** the plaintiffs' Rule 7(h) expedited, non-dispositive motion to reconsider. Dkt. No. 8.

The court **VACATES** its February 28, 2020 text-only order denying the plaintiffs' motion for leave to amend as unnecessary. Dkt. No. 7.

The court **GRANTS** the plaintiffs' motion for leave to amend, dkt. no. 6, and **ORDERS** that they may amend the complaint to add K.S., by her next friend Nichol Sobotnik, as a plaintiff.

Dated in Milwaukee, Wisconsin this 10th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**