IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

A.L., by his next friend, )
    TARA LLOYD, )
And )
R.N., by his next friend, )
    KIMBERLY NEWHOUSE, )
And )
K.S., by her next friend, )
    NICHOL SOBOTIK )
    Plaintiffs, ) CIVIL ACTION FILE NO.
)
v. )
) 2:20-CV-00275-PP
BETH KAMINSKI, )
Individually and in her official )
Capacity as Principal of )
Kettle Moraine High School, )
Defendant. )

## COMPLAINT

### I. INTRODUCTION

1. This is an action under 42 U.S.C. § 1983 for various violations of Plaintiffs' constitutional rights. Plaintiffs seek declaratory and injunctive relief against the Defendant. Plaintiffs are not seeking monetary damages.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

–1–

3. Venue is proper because Defendant is located in this District and in this Division, and Plaintiffs reside in this District and in this Division.

## III. PARTIES

4. Plaintiffs A.L., R.N., and K.S. are citizens of the United States and residents of the State of Wisconsin.

5. Plaintiff A.L. is a minor and appears by his next friend, Tara Lloyd ("Lloyd"), who is his mother and natural guardian.

6. Plaintiff R.N. is a minor and appears by his next friend, Kimberly Newhouse ("Newhouse"), who is his mother and natural guardian.

7. Plaintiff K.S. is a minor and appears by her next friend, Nichol Sobotik ("Sobotik"), who is her mother and natural guardian.

8. Plaintiffs are students at Kettle Moraine High School, a public school operated by the Kettle Moraine School District in Wales, Waukesha County, Wisconsin.

9. Defendant Beth Kaminski is the principal of Kettle Moraine High School in Wales, Waukesha County, Wisconsin.

10. For all purposes relevant to this Complaint, Defendant was acting under color of state law, as that phrase is used in 42 U.S.C. § 1983.

## IV. FACTUAL BACKGROUND

11. Plaintiffs are supporters of the Second Amendment and are gun enthusiasts.

12. Plaintiffs believes in the value to society of personal possession of arms as

guaranteed by the Second Amendment.

13. Plaintiffs own a variety of shirts that express their beliefs and support, and they sometimes wear them to school.

14. Three shirts in particular are at issue in this case (the "Shirts"). One has the inscription "Wisconsin Carry, Inc." and has the logo of that organization, a handgun tucked behind the inscription as though the gun were in a holster and the inscription were a belt (the "WCI Shirt"). One has the inscription "Pew Professional" and the outline of an AR-15 style rifle (the "Pew Shirt"). One has the inscription "Smith & Wesson" and bears the logo of the Smith & Wesson company (the "Smith & Wesson Shirt").

15. The word "pew" is used to denote the sound made by real or futuristic firearms when they discharge.

16. The WCI Shirt and the Pew Shirt depict firearms in a non-violent, non-threatening manner.

17. The WCI Shirt advertises for and supports Wisconsin Carry, Inc., a grass roots gun rights organization.

18. The Smith and Wesson Shirt advertises for and supports the Smith & Wesson company, a manufacturer and distributor of firearms and outdoor products.

19. The Pew Shirt supports responsible firearm use through improving

–4–

marksmanship (i.e., becoming a "Pew Professional.")

20. On February 19, 2020, Plaintiff R.N. wore the Pew Shirt to school.

21. Defendant told R.N. that he would have to cover the Pew Shirt with his coat.

22. Defendant emailed Newhouse and told her, "We do not allow students to wear clothes that depict guns…. Moving forward, [R.N.} cannot wear any items of clothing that depict guns."

23. Defendant did not distinguish between clothing that depicts firearms in a non-threatening, non-violent manner and otherwise.

24. On February 19, 2020, A.L. wore the WCI Shirt to school.

25. Defendant called A.L. out of class to come to her office.

26. Defendant and her associate principal, Justin Bestor, told A.L. that the school dress code prohibits wearing anything threatening, violent, and illegal, such as drugs and alcohol.

27. Defendant and Bestor told A.L. that he had to cover the WCI Shirt with his jacket.

28. Bestor self-servingly told A.L. that Defendant's requirement for A.L. to cover the WCI Shirt did not implicate A.L.'s First Amendment rights.

29. On February 27, 2020, K.S. wore the Smith and Wesson Shirt to school.

30. Defendant and Bestor called K.S. out of class and took her to a meeting room.

31. They told her the Smith & Wesson Shirt "reflected badly" on her character and made her seem insensitive.

32. They made her remove the Smith & Wesson Shirt.

33. The Kettle Moraine High School Dress Code, as stated in the 2019-2020 Student Handbook, does not mention clothing that is threatening, violent, illegal, or that depicts drugs or alcohol.

34. The Shirts are not threatening, violent, or illegal, and they do not depict drugs or alcohol.

35. The Dress Code does not provide objective criteria by which Plaintiff can determine what clothing is restricted.

36. Kettle Moraine School District has a custom, policy, or practice (the "Policy") of prohibiting students from wearing clothing that depicts weapons, even in a non-threatening, non-violent manner.

37. The Policy further prohibits students from wearing clothing that supports manufacturers of firearms.

38. Defendant applied the Policy to prohibit Plaintiffs' wearing of the Shirts.

39. There have never been any incidents of significant disruption of Kettle Moraine High School based on a student's clothing depicting firearms in a non- threatening, non-violent manner.

40. Plaintiffs' wearing of the Shirts has never caused a disruption at Kettle

Moraine High School.

41. Plaintiffs have never made any violent or threatening comments or actions at Kettle Moraine High School.

42. The Shirts depict firearms in a non-violent, non-threatening manner.

43. The Shirts are speech protected by the First Amendment.

44. The First Amendment applies to the states through the Fourteenth Amendment.

45. Wis.Stats. § 120.13(1)(b) empowers "any principal" to make rules pertaining to student dress, with the consent of the school board.

46. Defendant has the consent of the school board to make rules pertaining to student dress, and in particular the prohibitions she has enforced against Plaintiffs.

**<u>Count 1 – Violations of First Amendment</u>**

47. By restricting Plaintiffs' clothing based on their depiction of firearms in a non-violent, non-threatening manner, and their depiction of manufacturers of firearms, Defendant is violating Plaintiffs' freedom of expression guaranteed by the First Amendment.

48. By restricting all depictions of firearms and firearms manufacturers, regardless whether the firearms are displayed in non-violent, non-threatening

manner, Defendant's restrictions are unconstitutionally overly broad.

49. By deciding on a case-by-case basis what clothing is "inappropriate," Defendant's restrictions are unconstitutionally vague.

## Count 2 – 14th Amendment Due Process Violations

50. By not providing Plaintiffs with objective criteria for knowing what clothing is prohibited, Defendant is denying Plaintiffs due process.

## Prayer for Relief

Plaintiffs demand the following relief:

51. A declaration that Plaintiffs' depictions of firearms and manufacturers of firearms in a non-threatening, non-violent manner is protected expression and may not be restricted.

52. A permanent injunction prohibiting Defendant from restricting Plaintiff from wearing clothing at school that depicts firearms and manufacturers of firearms in a non-violent, non-threatening manner.

53. Attorney's fees and costs for bringing and maintaining this action, pursuant to 42 U.S.C. § 1988.

54. A jury to try to this case.

55. Any other relief the Court deems proper.

JOHN R. MONROE,

/s/ John R. Monroe
~~John R. Monroe~~
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
Telephone: (678) 362-7650
jrm@johnmonroelaw.com
State bar # 01021542

ATTORNEYS FOR PLAINTIFFS