UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

A.L., by his next friend,
TARA LLOYD, and
R.N., by his next friend,
KIMBERLY NEWHOUSE, and
K.S., by her next friend,
NICHOL SOBOTIK,

      Plaintiffs,

v.                                                    Case No. 2:20-cv-276

BETH KAMINSKI,
Individually and in HER official
Capacity as Principal of
Kettle Moraine High School,

      Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT [DOC. 10]

      NOW COMES Defendant, Beth Kaminski, Individually and in her official Capacity as Principal of Kettle Moraine High School, by and through her attorneys, Jackson Lewis P.C., hereby sets forth the following for its Answer to the Amended Complaint filed by the Plaintiffs, A.L., by his next friend, Tara Lloyd, R.N., by his next friend, Kimberly Newhouse, and K.S., by her next friend, Nichol Sobotik, denying each and every allegation of said Amended Complaint, except, and only to the extent, as is herein expressly admitted or qualified.

# I. INTRODUCTION

1. This is an action under 42 U.S.C. § 1983 for various violations of Plaintiffs' constitutional rights. Plaintiffs seek declaratory and injunctive relief against the Defendant. Plaintiffs are not seeking monetary damages.

**ANSWER TO PARAGRAPH NO. 1:** Defendant only admits that Plaintiffs are bringing this action under 42 U.S.C. § 1983 for alleged violations of their constitutional rights and that they seek declaratory and injunctive relief and no monetary damages.

# II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

**ANSWER TO PARAGRAPH NO. 2:** Defendant admits that this Court has jurisdiction.

3. Venue is proper because Defendant is located in this District and in this Division, and Plaintiffs reside in this District and in this Division.

**ANSWER TO PARAGRAPH NO. 3:** Defendant admits that venue is proper.

# III. PARTIES

4. Plaintiffs A.L., R.N., and K.S. are citizens of the United States and residents of the State of Wisconsin.

**ANSWER TO PARAGRAPH NO. 4:** Defendant admits.

5. Plaintiff A.L. is a minor and appears by his next friend, Tara Lloyd ("Lloyd"), who is his mother and natural guardian.

**ANSWER TO PARAGRAPH NO. 5:** Upon information and belief Defendant admits.

6. Plaintiff R.N. is a minor and appears by his next friend, Kimberly Newhouse ("Newhouse"), who is his mother and natural guardian.

**ANSWER TO PARAGRAPH NO. 6:** Upon information and belief Defendant admits.

7. Plaintiff K.S. is a minor and appears by her next friend, Nichol Sobotik ("Sobotik"), who is her mother and natural guardian.

**ANSWER TO PARAGRAPH NO. 7:** Upon information and belief Defendant admits.

8. Plaintiffs are students at Kettle Moraine High School, a public school operated by the Kettle Moraine School District in Wales, Waukesha County, Wisconsin.

**ANSWER TO PARAGRAPH NO. 8:** Defendant admits.

9. Defendant Beth Kaminski is the principal of Kettle Moraine High School in Wales, Waukesha County, Wisconsin.

**ANSWER TO PARAGRAPH NO. 9:** Defendant admits.

10. For all purposes relevant to this Complaint, Defendant was acting under color of state law, as that phrase is used in 42 U.S.C. § 1983.

**ANSWER TO PARAGRAPH NO. 10:** This allegation is a legal conclusion to which no response is required. To the extent a response is required for this paragraph, Defendant denies.

## IV. FACTUAL BACKGROUND

11. Plaintiffs are supporters of the Second Amendment and are gun enthusiasts.

**ANSWER TO PARAGRAPH NO. 11:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent a responsive pleading is required for this paragraph, Defendant denies.

12. Plaintiffs believes in the value to society of personal possession of arms as guaranteed by the Second Amendment.

**ANSWER TO PARAGRAPH NO. 12:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent a responsive pleading is required for this paragraph, Defendant denies.

13. Plaintiffs own a variety of shirts that express their beliefs and support, and they sometimes wear them to school.

**ANSWER TO PARAGRAPH NO. 13:** Defendant is without knowledge or information sufficient to form a belief as to what shirts Plaintiffs own or which shirts they are referencing in this allegation. To the extent a responsive pleading is required for this paragraph, Defendant denies.

14. Three shirts in particular are at issue in this case (the "Shirts"). One has the inscription "Wisconsin Carry, Inc." and has the logo of that organization, a handgun tucked behind the inscription as though the gun were in a holster and the inscription were a belt (the "WCI Shirt"). One has the inscription "Pew Professional" and the outline of an AR-15 style rifle (the "Pew Shirt"). One has the inscription "Smith & Wesson" and bears the logo of the Smith & Wesson company (the "Smith & Wesson Shirt").

**ANSWER TO PARAGRAPH NO. 14:** Defendant only admits that Plaintiffs are asserting that the described shirts are at issue in this case. Defendant denies that this allegation adequately or accurately describes the shirts and to the extent a responsive pleading is required for this paragraph, Defendant denies.

15. The word "pew" is used to denote the sound made by real or futuristic firearms when they discharge.

**ANSWER TO PARAGRAPH NO. 15:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent a responsive pleading is required for this paragraph, Defendant denies.

16. The WCI Shirt and the Pew Shirt depict firearms in a non-violent, nonthreatening manner.

**ANSWER TO PARAGRAPH NO. 16:** Defendant denies.

17. The WCI Shirt advertises for and supports Wisconsin Carry, Inc., a grass roots gun rights organization.

**ANSWER TO PARAGRAPH NO. 17:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent a responsive pleading is required for this paragraph, Defendant admits it is an advertisement for Wisconsin Carry Inc. but denies any further allegations.

18. The Smith and Wesson Shirt advertises for and supports the Smith & Wesson company, a manufacturer and distributor of firearms and outdoor products.

**ANSWER TO PARAGRAPH NO. 17:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent a responsive pleading is required for this paragraph, Defendant admits it is an advertisement for Smith & Wesson company but denies any further allegations.

19. The Pew Shirt supports responsible firearm use through improving marksmanship (i.e., becoming a "Pew Professional.")

**ANSWER TO PARAGRAPH NO. 19:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent a responsive pleading is required for this paragraph, Defendant denies.

20. On February 19, 2020, Plaintiff R.N. wore the Pew Shirt to school.

**ANSWER TO PARAGRAPH NO. 20:** Defendant admits.

21. Defendant told R.N. that he would have to cover the Pew Shirt with his coat.

**ANSWER TO PARAGRAPH NO. 21:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

22. Defendant emailed Newhouse and told her, "We do not allow students to wear clothes that depict guns.... Moving forward, [R.N.} cannot wear any items of clothing that depict guns."

**ANSWER TO PARAGRAPH NO. 22:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

23. Defendant did not distinguish between clothing that depicts firearms in a non-threatening, non-violent manner and otherwise.

**ANSWER TO PARAGRAPH NO. 23:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

24. On February 19, 2020, A.L. wore the WCI Shirt to school.

**ANSWER TO PARAGRAPH NO. 24:** Defendant admits.

25. Defendant called A.L. out of class to come to her office.

**ANSWER TO PARAGRAPH NO. 25:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

26. Defendant and her associate principal, Justin Bestor, told A.L. that the school dress code prohibits wearing anything threatening, violent, and illegal, such as drugs and alcohol.

**ANSWER TO PARAGRAPH NO. 26:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

27. Defendant and Bestor told A.L. that he had to cover the WCI Shirt with his jacket.

**ANSWER TO PARAGRAPH NO. 27:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

28. Bestor self-servingly told A.L. that Defendant's requirement for A.L. to cover the WCI Shirt did not implicate A.L.'s First Amendment rights.

**ANSWER TO PARAGRAPH NO. 28:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

29. On February 27, 2020, K.S. wore the Smith and Wesson Shirt to school.

**ANSWER TO PARAGRAPH NO. 29:** Defendant admits.

30. Defendant and Bestor called K.S. out of class and took her to a meeting room.

**ANSWER TO PARAGRAPH NO. 30:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

31. They told her the Smith & Wesson Shirt "reflected badly" on her character and made her seem insensitive.

**ANSWER TO PARAGRAPH NO. 31:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

32. They made her remove the Smith & Wesson Shirt.

**ANSWER TO PARAGRAPH NO. 32:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

33. The Kettle Moraine High School Dress Code, as stated in the 2019-2020 Student Handbook, does not mention clothing that is threatening, violent, illegal, or that depicts drugs or alcohol.

**ANSWER TO PARAGRAPH NO. 33:** Defendant denies that this allegation adequately or accurately describes the Kettle Moraine High School dress code and to the extent a responsive pleading is required for this paragraph, Defendant denies.

34. The Shirts are not threatening, violent, or illegal, and they do not depict drugs or alcohol.

**ANSWER TO PARAGRAPH NO. 34:** Defendant denies.

35. The Dress Code does not provide objective criteria by which Plaintiff can determine what clothing is restricted.

**ANSWER TO PARAGRAPH NO. 35:** Defendant denies.

36. Kettle Moraine School District has a custom, policy, or practice (the "Policy") of prohibiting students form wearing clothing that depicts weapons, even in a non-threatening, non-violent manner.

**ANSWER TO PARAGRAPH NO. 36:** Defendant denies that this allegation adequately or accurately describes any Kettle Moraine School District custom, policy, or practice and to the extent a responsive pleading is required for this paragraph, Defendant denies.

37. The Policy further prohibits students from wearing clothing that supports manufacturers of firearms.

**ANSWER TO PARAGRAPH NO. 37:** Defendant denies that this allegation adequately or accurately describes any Kettle Moraine School District custom, policy, or practice and to the extent a responsive pleading is required for this paragraph, Defendant denies.

38. Defendant applied the Policy to prohibit Plaintiffs' wearing of the Shirts.

**ANSWER TO PARAGRAPH NO. 38:** Defendant denies that this allegation adequately or accurately describes the chain of events and to the extent a responsive pleading is required for this paragraph, Defendant denies.

39. There have never been any incidents of significant disruption of Kettle Moraine High School based on a student's clothing depicting firearms in a non- threatening, non-violent manner.

**ANSWER TO PARAGRAPH NO. 39:** Defendant denies.

40. Plaintiffs' wearing of the Shirts has never caused a disruption at Kettle Moraine High School.

**ANSWER TO PARAGRAPH NO. 40:** Defendant denies.

41. Plaintiffs have never made any violent or threatening comments or actions at Kettle Moraine High School.

**ANSWER TO PARAGRAPH NO. 41:** Defendant denies.

42. The Shirts depict firearms in a non-violent, non-threatening manner.

**ANSWER TO PARAGRAPH NO. 42:** Defendant denies.

43. The Shirts are speech protected by the First Amendment.

**ANSWER TO PARAGRAPH NO. 43:** This allegation is a legal conclusion to which no response is required. To the extent a response is required for this paragraph, Defendant denies.

44. The First Amendment applies to the states through the Fourteenth Amendment.

9

**ANSWER TO PARAGRAPH NO. 44:** This allegation is a legal conclusion to which no response is required. To the extent a response is required for this paragraph, Defendant admits.

45. Wis. Stats. § 120.13(1)(b) empowers "any principal" to make rules pertaining to student dress, with the consent of the school board.

**ANSWER TO PARAGRAPH NO. 45:** This allegation is a legal conclusion to which no response is required. Furthermore, the cited statute speaks for itself. To the extent a response is required for this paragraph, Defendant denies.

46. Defendant has the consent of the school board to make rules pertaining to student dress, and in particular the prohibitions she has enforced against Plaintiffs.

**ANSWER TO PARAGRAPH NO. 46:** This allegation is a legal conclusion to which no response is required. To the extent a response is required for this paragraph, Defendant denies.

**Count 1 – Violations of First Amendment**

47. By restricting Plaintiffs' clothing based on their depiction of firearms in a non-violent, non-threatening manner, Defendant is violating Plaintiffs' freedom of expression guaranteed by the First Amendment.

**ANSWER TO PARAGRAPH NO. 47:** Defendant denies.

48. By restricting all depictions of firearms, regardless whether the firearms are displayed in non-violent, non-threatening manner, Defendant's restrictions are unconstitutionally overly broad.

**ANSWER TO PARAGRAPH NO. 48:** Defendant denies.

49. By deciding on a case-by-case basis what clothing is "inappropriate," Defendant's restrictions are unconstitutionally vague.

**ANSWER TO PARAGRAPH NO. 49:** Defendant denies.

**Count 2 – 14th Amendment Due Process Violations**

50. By not providing Plaintiffs with objective criteria for knowing what clothing is prohibited, Defendant is denying Plaintiffs due process.

**ANSWER TO PARAGRAPH NO. 50:** Defendant denies.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims may be barred, in whole or in part, because of Plaintiff's failure to exhaust administrative remedies.

3. Plaintiffs' claims may be premature and not ripe.

4. Plaintiffs' claims may be moot.

5. Plaintiffs' Amended Complaint may be barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiffs have failed to mitigate damages, if any.

7. Plaintiffs' claims may be barred by the doctrine of estoppel.

8. Plaintiffs' claims may be barred by the doctrine of unclean hands.

9. Plaintiffs may have waived some or all of their claims.

10. Plaintiffs were not engaging in speech protected by the First Amendment.

11. Plaintiffs did not engage in statutorily protected expression or activity under any federal law.

12. Defendant is entitled to absolute, qualified, or other form of immunity.

13. Plaintiffs may lack standing to raise the claims asserted in the Amended Complaint.

14. Some or all of the Amended Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment.

15. To the extent Defendant is named in her individual capacity, some or all of the Amended Complaint must be dismissed due to the lack of Defendant's personal involvement.

16. Any other affirmative defenses learned as a result of discovery.

WHEREFORE, Defendant respectfully requests that the Court: enter judgment in his favor and against Plaintiffs, dismissing Plaintiffs' Amended Complaint with prejudice and in its entirety; deny each and every demand, claim, and prayer for relief contained in Plaintiffs' Amended Complaint; award to Defendant her attorneys' fees and costs; and grant such other and further relief as the Court may deem just and proper.

Dated this 25th day of March, 2020.

JACKSON LEWIS P.C.
Attorneys for Defendant

By: /s/ *Ronald S. Stadler*
Ronald S. Stadler
State Bar No. 1017450
Jonathan E. Sacks
State Bar No. 1103204

P.O. Address:
330 East Kilbourn Avenue, Suite 560
Milwaukee, WI 53202
(414) 944-8900
(414) 944-8901 (facsimile)
Ronald.stadler@jacksonlewis.com
Jonathan.sacks@jacksonlewis.com

4851-5273-1576, v. 1