UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

A.L., by his next friend,
TARA LLOYD,
And
R.N., by his next friend,
KIMBERLY NEWHOUSE,

      Plaintiffs,

v.                                                                              Case No. 2:20-cv-276

BETH KAMINSKI,
Individually and in HER official
Capacity as Principal of
Kettle Moraine High School,

      Defendant.

---

N.J., by his next friend,
KELLY JACOB,

      Plaintiff,

v.                                                                              Case No. 1:20-cv-227

DAVID SONNABEND,
Individually and in his official
Capacity as Associate Principal of
Shattuck Middle School,

      Defendant.

---

## DEFENDANTS' JOINT MOTION TO CONSOLIDATE

NOW COME Defendants, David Sonnabend, individually and in his official capacity as Associate Principal of Shattuck Middle School, and Beth Kaminski, individually and in her official

capacity as Principal of Kettle Moraine High School, by and through their attorneys, Jackson Lewis P.C., and hereby move the Court for an order consolidating Case No. 1:20-cv-227 and Case No. 2:20-cv-276 pursuant to Fed. R. Civ. P. 42 and Civ. L. R. 42. The grounds for this motion are set forth below.

1. Plaintiff, N.J., by his next friend Kelly Jacob, filed Case No. 1:20-cv-227 on February 13, 2020 in the United States District Court for the Eastern District of Wisconsin against Defendant Sonnabend ("Neenah Case").

2. Plaintiffs, A.L., by his next friend, Tara Lloyd and R.N., by his next friend, Kimberly Newhouse, filed Case No. 2:20-cv-276 on February 20, 2020 in the United States District Court for the Eastern District of Wisconsin against Defendant Kaminski ("Kettle Moraine Case").

3. On March 12, 2020, Plaintiffs in the Kettle Moraine Case filed an Amended Complaint, naming K.S., by her next friend Nichol Sobotik, as an additional plaintiff.

4. Defendant Sonnabend filed an Answer to the Complaint in the Neenah Case on March 10, 2020.

5. Defendant Kaminski filed an Answer to the Amended Complaint in the Kettle Moraine Case on March 25, 2020.

6. Federal Rule 42 provides that:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

7. This Court has explained that:

> The district court has discretion to decide whether to consolidate cases. *Fleishman v. Prudential-Bache Securities, Inc.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984). In order for a court to consider consolidation, there be common questions of law or fact, 'consolidation must not result in prejudice to a party,' and the party seeking consolidation must show that consolidation would 'promote trial convenience and economy in administration due to factors other than mere commonality of legal and factual issues.' *Id.* at 624-25. Factors that courts consider in determining whether to consolidate include 'judicial economy, avoiding delay, and avoiding inconsistent or conflicting results.' *Van Patten v. Wright*, Nos. 07-C-788, 07-C-26, 2009 U.S. Dist. LEXIS 60763, 2009 WL 1886010, at *2 (E.D. Wis. June 30, 2009).

*Holifield v. Rivamonte*, No. 16-cv-1291-pp, 2016 U.S. Dist. LEXIS 146142, at *2-3 (E.D. Wis. Oct. 19, 2016). "In considering whether to consolidate cases, the court generally balances judicial economy concerns with any countervailing considerations of equity." *Vandehey v. Client Servs.*, No. 18-C-1669, 2020 U.S. Dist. LEXIS 1238, at *2 (E.D. Wis. Jan. 6, 2020).

8. All the applicable Rule 42 factors are present here.

9. First, the Neenah Case and the Kettle Moraine Case involve common questions of law and fact. Both cases involve minor, public school students suing their respective schools for injunctive and declaratory relief to permit them to wear clothes in school that depict firearms. The Plaintiffs' prayers for relief are essentially identical. Both cases also seek redress for alleged violations of the First and Fourteenth Amendments. In sum, both cases will require the Court to apply similar facts to the same law.

10. Second, no party will be prejudiced by consolidation. The cases are in their infancy as Defendants have just filed their respective Answers and no major developments have occurred. *See Vandehey*, 2020 U.S. Dist. LEXIS 1238, at *2-3 (explaining that when cases are at different procedural steps, consolidation may not be appropriate).

3

11. There is also no immediate threat to any parties' rights as all Wisconsin public school districts are closed for the remainder of this school year due to the COVID-19 pandemic and Wisconsin's Safer at Home Executive Orders.

12. Third, consolidation would promote trial convenience and economy in administration due to factors other than commonality of legal and factual issues. The following factors support consolidation: (1) Plaintiffs are represented by the same attorney and Defendants are represented by the same law firm; (2) Having one judge rule on identical issues will save judicial economy and avoid delays; this is especially so as Plaintiffs' attorney is not located within the State of Wisconsin; (3) Having one judge rule on future motions will also prevent inconsistent or conflicting results within the Eastern District of Wisconsin (e.g., two judges could come to opposite outcomes regarding the propriety of an injunction).

13. The above factors support an order consolidating the Neenah Case and the Kettle Moraine Case for all future proceedings, including trial.

14. Pursuant to Civil L. R. 42, Defendants have filed this motion in both cases, and the motion will be decided by Judge Griesbach, as he is assigned the lowest numbered case (the Neenah Case).

15. In the event the motion is granted, Judge Griesbach will handle all future proceedings covered by the consolidation order and that the cases will be consolidated under the Neenah Case.

16. Defendants respectfully request the Court issue an Order consolidating the Neenah Case and the Kettle Moraine Case for all future proceedings, including trial.

Dated this 22nd day of April, 2020.

                                              JACKSON LEWIS P.C.
                                              Attorneys for Defendants

                          By:    /s/ *Ronald S. Stadler*
                                             Ronald S. Stadler
                                             State Bar No. 1017450
                                             Jonathan E. Sacks
                                             State Bar No. 1103204

P.O. Address:
330 East Kilbourn Avenue, Suite 560
Milwaukee, WI 53202
(414) 944-8900
(414) 944-8901 (facsimile)
Ronald.stadler@jacksonlewis.com
Jonathan.sacks@jacksonlewis.com