UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

A.L., by his next friend,
TARA LLOYD,

        Plaintiff,

v.                                    Case No. 2:20-cv-276

JUSTIN BESTOR,

        Defendant.

## DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, Justin Bestor ("Bestor"), by and through his attorneys, Kopka Pinkus Dolin PC, and hereby respectfully moves the Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for an order granting Defendant's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. The grounds for this motion are set forth below and in all other pleadings on file.

1.        This Court granted summary judgement on behalf of Bestor[1] and David Sonnabend and dismissed the consolidated cases filed by Plaintiffs, A.L. and N.J. *See N.J. v. Sonnabend*, 536 F. Supp. 3d 392, 409 (E.D. Wis. 2021).

---

[1] Beth Kaminski was the principal of Kettle Moraine High School during the events at issue in this case and was the original defendant in plaintiff A.L.'s lawsuit, but after she left the District, Justin Bestor, the associate principal, succeeded her. *N.J. v. Sonnabend*, 37 F.4th 412 n.* (7th Cir. 2022). The Seventh Circuit substituted Bestor for Kaminski pursuant to Fed. R. App. P. 43(c)(2). *Id.*

2. Plaintiffs appealed the decision and the Seventh Circuit Court of Appeals vacated and remanded to this Court for further proceedings. *See N.J. v. Sonnabend*, 37 F.4th 412, 2022 U.S. App. LEXIS 16536, at *29 (7th Cir. 2022).

3. However, the Seventh Circuit Court of Appeals determined that N.J.'s case was moot and ordered that on remand his case be dismissed for lack of jurisdiction. *Id.* at *14, 29.

4. N.J.'s case was subsequently dismissed for lack of jurisdiction. *See* [ECF 28].

5. While the Seventh Circuit was considering the appeal, A.L.'s case became moot.

6. "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Paramount Media Grp., Inc. v. Vill. of Bellwood*, 929 F.3d 914, 919 (7th Cir. 2019). "A suit seeking only injunctive relief becomes moot 'once the threat of the act sought to be enjoined dissipates.'" *Rose v. Cahee*, 727 F. Supp. 2d 728, 742 (E.D. Wis. 2010) (citing *Brown v. Bartholomew Consol. School Corp.,* 442 F.3d 588, 596 (7th Cir. 2006)). "Mootness strips a federal court of subject-matter jurisdiction." *Chi. Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 815 (7th Cir. 2018).

7. As of June 5, 2022, A.L. graduated from Kettle Moraine High School and is no longer a student in the Kettle Moraine School District. Declaration of Justin Bestor, ¶¶ 3-4, Ex. A.

8. As stated by this Court: "Ordinarily, when a student has graduated from high school and an injunction would have no practical impact on the parties, the case is lacking a live controversy." *N.J.*, 536 F. Supp. 3d at 398 (citing *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 991 (7th Cir. 2000)). This is because an injunction would have no practical effect on a student who does not attend a particular school anymore. *See Eilenfeldt v. United C.U.S.D. #304 Bd. of*

*Educ.*, No. 12-4029, 2012 U.S. Dist. LEXIS 203072, at *5-6 (C.D. Ill. Aug. 24, 2012) (citing *Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 915 (7th Cir. 2012)).

9. A motion to dismiss for lack of jurisdiction due to mootness can be raised at any point in a case. *See* Fed. R. Civ. P. 12(h)(3).

10. Like in N.J.'s case, A.L. "no longer has a stake in the interpretation and enforcement of the [Kettle Moraine High] school's dress code, his case is moot and must be dismissed for lack of jurisdiction." *N.J.*, 37 F.4th 412, 2022 U.S. App. LEXIS 16536, at *14.

11. The injunction sought by A.L. will have no impact on him as he is no longer a student and impacted by the school's dress code.

12. In sum, because A.L is no longer a student in the District his claim is moot. Bestor respectfully requests that the Court grant his motion to dismiss and dismiss A.L.'s claim in its entirety and with prejudice.

Dated this 21st Day of July, 2022.

                KOPKA PINKUS DOLIN PC
                Attorneys for Defendant

By:    /s/ *Ronald S. Stadler*
       Ronald S. Stadler
       State Bar No. 1017450
       Jonathan E. Sacks
       State Bar No. 1103204

N19W24200 Riverwood Dr, Suite 140
Waukesha, WI 53188-1191
telephone: 847-549-9611
facsimile: 847-549-9636
e-mail: rsstadler@kopkalaw.com
      jesacks@kopkalaw.com