UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

A.L., by his next friend, TARA LLOYD,

        Plaintiff,

       v.                                Case No. 20-C-276

JUSTIN BESTOR,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff A.L., by his next friend, Tara Lloyd, brought this action seeking to enjoin Justin Bestor, Principal of Kettle Moraine High School, from enforcing dress code prohibitions of clothing depicting firearms. This matter comes before the Court on Defendant's motion to dismiss. Defendant asserts that Plaintiff's claims are moot because Plaintiff graduated from Kettle Moraine High School and is no longer subject to what he alleges to be an unlawful application of the District's dress code.

"A claim becomes moot when the plaintiff's legally cognizable interest in the litigation ceases to exist or where the court 'can no longer affect the rights of the litigants in the case.'" *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (quoting *Worldwide Street Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004)). Generally, when a student has graduated from high school and an injunction would have no practical impact on the parties, the case is lacking a live controversy. *See Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2000).

Plaintiff asserts the case is not moot because it falls into the exception of cases "capable of repetition yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). "The exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable exception that the same complaining party will be subject to the same action again." *Ciarpaglini v. Norwood*, 817 F.3d 541, 546 (7th Cir. 2016) (citation omitted); *see also Stotts*, 230 F.3d at 991. This exception does not apply to the instant case, however. Plaintiff seeks an injunction enjoining Kettle Moraine High School administrators from applying its dress code against him individually. Because Plaintiff has graduated, he no longer has a reasonable expectation that he will be subject to the same action again. Accordingly, this case is moot.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Dkt. No. 29) is **GRANTED**. The case is dismissed as moot. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 15th day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge